IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                                    Criminal No.  1:01cr39
MICHAEL S. FORD,
              Defendant.

## ORDER/OPINION

On the 6th day of September 2006, came the defendant, Michael S. Ford,  in person and by

his counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States

Attorney, Zelda Wesley, pursuant to a Petition for Warrant or Summons for Offender Under

Supervision filed in this case on August 29, 2006, alleging:

1)        Violation of  Special Condition: The defendant shall participate in a program of mental
          health treatment, if deemed necessary buy the Probation Officer.

The defendant was released from imprisonment on April 13, 2006.  This officer has
discussed treatment options with the defendant.  Treatment services were began [sic] with Valley
Mental Health and Jack Torsney.  The defendant was instructed to follow the recommendations of
both.  Mr. Ford has attempted at least four suicides since his release.  (Two attempts have occurred
since approximately Friday, August 25, 2006.)  The defendant admitted to staff that he had not
always taken his medication as prescribed, therefore the Probation Officer suggested the medication
be administered by treatment staff via injection.  The defendant was placed at Chestnut Ridge after
a recent suicide attempt. But left on Sunday, August 27, 2006.  He subsequently advised treatment
staff at Valley Mental Health that he would not follow through with their recommendations to have
medication injected and would not return to Chestnut Ridge.

Prior to the taking of evidence, counsel for Defendant waived the preliminary hearing,

conceding probable cause existed to forward this revocation matter to Chief United States District

Judge Irene M. Keeley for hearing and disposition.

Upon consideration of all which, the Court finds there is probable cause to believe that the

defendant violated the conditions of his supervised release as alleged in the Petition for Warrant or

Summons for Offender Under Supervision filed August 29, 2006.

1

Defendant, through counsel, requested he be released on bond pending the final hearing before Judge Keeley. By proffer, counsel stated that Defendant had been living with his parents, Gary and Sandra Ford, and that they were willing to continue having him live with them. Defendant's most recent suicide attempt occurred while both parents were out of the house, leaving Defendant alone. The parents had stated they would never leave Defendant alone again. Further, Counsel contended that while Defendant has been housed at the Regional Jail, he was not getting near the medications he was prescribed while in custody of the BOP. Therefore, Defendant requested he be permitted to live with his parents, who were willing to care for him. He stated he would go for treatment.

The government objected to Defendant's release pending the final hearing. The AUSA first noted that, while the most recent suicide attempt occurred while the parents were away, it appeared that the others occurred while Defendant was home. Further, the underlying charge in this case, for being a felon in possession of a firearm, came as the result of a domestic situation between Defendant and his father, during which Defendant held a gun to his father's head. Defendant had been to various institutions, none of which were able to assist him. Although the AUSA agreed that the Regional Jail may not be the most appropriate placement for Defendant, she objected to his being placed in a home where he had already held a gun to his father's head.

Upon consideration of all which, the undersigned United States Magistrate Judge finds by a preponderance of the evidence that:

1) Defendant was originally convicted in federal court of being a felon in possession of a firearm. He had held a gun to his father's head;

2) Defendant now proposes, with the permission of his parents, to live with the parent he threatened

with a firearm and the parents who have not been able to control his conduct in the past;

3) Defendant is in court today because of allegations he did not comply with treatment and care;

4) During Defendant's incarceration within the Bureau of Prisons, there were many events of non-compliance, whether with medication or other treatment. On each occasion, whether while incarcerated, in a treatment program, or living on the outside, Defendant said he was non-compliant because he did not think the treatment was working. When he would not "get his way," he threatened to do something to himself, on some occasions, acting on the threats

The undersigned concludes, for the limited purposes of this hearing only, that Defendant is a danger to himself and others in the community, in particular his own parents.

Defendant's request for release pending hearing before Judge Keeley is therefore **DENIED**.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violations alleged in the Petition for Warrant or Summons for Offender Under Supervision filed August 29, 2006.

It is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings herein.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: September 7, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE